UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

---

HUY-YING CHEN, an individual,

     Plaintiff

-against-

KING COUNTY SHERIFF'S OFFICE, a governmental agency, and HUGO R. ESPARZA, an individual, and in his capacity as an authorized deputy,

     Defendants.

---

Civil Action #

**21-CV-1492 RSM**

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, HUY-YING CHEN, (hereinafter referred to as "Chen" or "Plaintiff), individually, and via *Pro Se* submission, brings this Complaint for Damages and Demand for Jury Trial against Defendants KING COUNTY SHERIFF'S OFFICE (hereinafter referred to as "KCSO"), and HUGO R. ESPARZA (hereinafter referred to as "Esparza") (collectively referred to as "Defendants"), and in support of his claims, states the following:

Summm/Issued

Receipt# SEA105776

## INTRODUCTION

Chen's claims in this action are a direct and proximate result of Defendants' negligent, willful, and wrongful conduct in connection with the preparation of, filing, and subsequent recording of a void Sheriff's Deed to Real Property which encumbers and creates a slander of the title of Chen's real property in King County, Washington.

As a result of Defendants' malicious and wrongful actions, Chen is in fear of losing his home, as he is now subject to unlawful detainer proceedings, and the loss of the stability and security of home ownership that he has enjoyed for many years.

As the claims herein arise from violations of Chen's civil rights granted to each and every American citizen, Chen brings forth claims under 42 U.S.C §1983. Additionally, Chen brings forth claims for Violation of Due Process and Intentional Infliction of Emotional Distress.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 because the claims herein arise under the Constitution, laws, or treaties of the United States.

2. Venue is proper in the United States District Court for the Western District of Washington under 28 U.S.C. §1391(b)(2), which states that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

3. Defendants are subject to this Court's personal jurisdiction since they reside and conduct everyday business in King County, Washington, which is located within this judicial district.

4. Since the claims herein present a federal question and a substantial part of the events giving rise to Chen's claims occurred in this judicial district, jurisdiction and venue and properly established before this Court.

## PARTIES TO THE ACTION

5. Plaintiff Chen is *sui juris* before this court, a natural person over the age of 18, and a citizen residing in this district.

6. Defendant KCSO is a governmental agency located in King County, Washington, a law enforcement agency tasked with the safety and protection of King County residents.

7. Defendant Esparza is *sui juris* before this court, a natural person over the age of 18, and upon information and belief, a citizen residing in this district. At all material times herein, Esparza was a Deputy Officer within the KCSO, and operating under the control of KCSO.

## RELEVANT FACTUAL ALLEGATIONS

8. In 1999, Chen and his wife (now deceased) borrowed $525,000.00 from Washington Mutual Bank to purchase a home located at 5112 189th Avenue N.E., Sammamish, Washington 98052 (hereinafter referred to as the "subject property").

9. Payments on the mortgage were consistently made on time as agreed.

10. Despite that, on or about May 10, 2006, a Summons & Complaint were issued in Case No. 06-2-16117-3 by King County Superior Court ("KCSC") against Chen that JPMorgan-Chase, as alleged successor to Washington Mutual Bank, initiated a judicial foreclosure action in rem on the subject property.

11. On March 19, 2007, Chen filed for Bankruptcy protection and on March 21, 2007, a Notice of Stay applied.

12. The judicial foreclosure case was subsequently removed to the Bankruptcy Court as an adversary proceeding.

13. On November 29, 2007, the Bankruptcy court erroneously granted JPMorgan's motion for summary judgment under the Rooker-Feldman Doctrine and awarded JPMorgan-Chase[1] a judgment in the amount of $647,478.68 and ordered a foreclosure sale of the subject property in satisfaction of the debt.

14. On April 18, 2008, JPMorgan filed the "Judgment Summary and Affidavit of Steven K. Linkon for erroneously Filing a Foreign Judgment for Bankruptcy's summary judgement order which entered on November 29, 2007, in King County Superior Court.

15. On May 10, 2016, the judgment entered against Chen from the original judicial foreclosure *in rem* case expired its statutory 10 years life.

16. On September 30, 2016, Defendant KCSO received the 5th new order of sale to effectuate the foreclosure in rem of the subject property.

17. Chen contends the Sheriff's Deed to Real Property is void because the sale occurred more than 60 days after the Order of Sale was entered,

---

[1] Defendants JP MORGAN CHASE BANK, as Trustee, f/k/a The Chase Manhattan Bank, Successor in Interest to the Chase Manhattan Bank, N.A. (hereinafter referred to as "JPMorgan-Chase"); and The Bank of New York Mellon Trust Company, N.A., ("BNMT")

which violated RCW 6.17.120 - the execution shall be returned with a report of proceedings under the writ within sixty days after its date to the clerk who issued it. See *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 568, 276 P.3d 1277 (2012). ("When a party's authority to act is prescribed by a statute and the statute includes time limits . . . failure to act within that time violates the statute and divests the party of statutory authority. Without statutory authority, any action taken is invalid.").

18. The subject property was wrongfully sold at foreclosure sale on December 16, 2016.

19. On February 10, 2017, Chen filed an Objection to the confirmation of sale. Chief Civil Judge ("Chief Judge-Beth") denied/overruled Chen's Objection. Chief Judge-Beth emphasized her ruling was not on a hearing of certificate of confirmation sale. As such, she required JPMorgan-Chase to file a separate motion and notice of hearing to confirm the sale. (***See Attachment A-hearing transcript***). Chase or JPMorgan-Chase never set up a hearing to confirm the sale.

20. On February 14, 2018, the Superior Court Ex Parte Department issued an alleged order confirming the sheriff's sale *nunc pro tunc* to February 10, 2017. Chen has disputed the validity and meaning of this

order because confirmation of sale never occurred how *"nunc pro tunc"* can applied.

21. On August 1, 2019, the KSCO delivered "RECEIPT(S) OF CERTIFICATE OF PURCHASE" to an unknown purchaser without confirmation of the sale that strictly violated RCW 6.21.110(e).

22. On August 7, 2019, the KSCO had recorded as Instrument No. 201908070000558, a Sheriff's Deed to Real Property, which purports to transfer ownership of the subject property to Defendant BONY Trust.[2] (***See Attachment B – Sheriff's Deed to Real Property***).

23. Esparza signed the Sheriff's Deed to Real Property, acting as "Authorized Deputy."

24. The Sheriff's Deed be issued by Defendants without certificate of confirmation sale and without certificate of redemption violated RCW 6.21.110, RCW 6.23.020 and RCW 4.56.190.

25. The Sheriff's Deed to Real Property was also issued after the 10-year limitations period. Thus, the alleged transfer of ownership to BONY Trust is void as a matter of law. BONY Trust is not the legal owner of the subject property and its asserted interest in the subject

---

[2] *W.T. Watts, I. v. Sherrer*, 89 Wash.2d 245, 248, 571 P.2d 203 (1977) (stating that the Washington Supreme Court has recognized that a sheriff's certificate of purchase does not pass title but is only evidence of an inchoate interest which may or may not ripen into absolute title).

property is wrongful and has caused Chen damages: economic, emotional, and otherwise.

26. "A judgment lien is born by statute, RCW 4.56.190," and dies by statute, RCW 4.56.210.[[14]]" Grub v. Fogle's Garage, Inc., 5 Wash.App. 840, 843, 491 P.2d 258 (1971). The Grub court held that "'when the judgment expires the ancillary proceedings by way of execution, if the sale has not been confirmed, expire with it.'" Grub, 5 Wash. App. at 843, 491 P.2d 258 (quoting Ferry County Title & Escrow Co. v. Fogle's Garage, Inc., 4 Wash.App. 874, 880, 484 P.2d 458, review denied, 79 Wash.2d 1007 (1971)) (Italics omitted).

27. Any purported assignments of mortgage are void as a matter of law.

28. On or about July 25, 2017, Chen hired a private investigations company to investigate the title history of the subject property and perform a securitization audit. BP Investigative Agency, LLC performed the investigation and provided a report of findings. (*See Attachment C*).

29. BP Investigative Agency found significant deficiencies in the title documents.

30. BP Investigative Agency found that "there are no entities that can be positively identified through the assignments other than the named

1  originating "lender - Washington Mutual Bank." WMB is defunct and the
2  loan did not go through the FDIC and was not acquired by JPMorgan
3  Chase as part of the FDIC's Receivership."

4  31.   Without an adequate showing of standing, the *in rem* foreclosure
5  judgment entered as a result of the filing is void and of no effect.

6  32.   Defendants knew, or should have known, that the foreclosing
7  entities had no legal standing as fictional entities to initiate a judicial
8  foreclosure action.

9  33.   The person entitled to enforce a promissory note is: (i) the holder
10 of the instrument, (ii) a nonholder in possession of the instrument who
11 has the rights of a holder, or (iii) a person not in possession of the
12 instrument who is entitled to enforce the instrument pursuant to RCW
13 62A.3-309 or 62A.3-418(d). A person may be a person entitled to enforce
14 the instrument even though the person is not the owner of the
15 instrument or is in wrongful possession of the instrument. RCW 62A.3-
16 301.

17 34.   A "holder" is "[t]he person in possession of a negotiable instrument
18 that is payable either to bearer or to an identified person that is the
19 person in possession." See RCW 62A.1-201(b)(21)(A).

35. Defendants knew, or should have known, that the foreclosing entities never proved that they were a "holder" of the underlying note which secures the mortgage and title to the subject property.

36. The Sheriff's Deed issued on August 7, 2019 is void as a matter of law since the underlying foreclosure was wrongful and illegal.

37. Defendants acted as one in a calculated and sentinel scheme to deprive Chen of his civil rights to be protected in his interest in the subject property. Further, Defendants' actions herein were wrongful and malicious and clearly fall outside the bounds of decency in any civilized society. With clear and evidence in hand that the title to the subject property was defective and disputes surrounding the subject property were pending in Court, Defendants moved forward in preparing, filing, and having recorded a void Sheriff's Deed to Real Property.

38. As a direct and proximate result of Defendants' actions, Chen has been emotionally and financially damaged.

## COUNT ONE – VIOLATION OF 42 U.S.C. §1983

39. Chen incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

40. Defendants' willful and wrongful actions deprived Chen of his constitutional right to liberty and the pursuit of happiness.

41. Defendants knew, or should have known, that there was no evidence to indicate that the underlying judicial foreclosure had been conducted within the confines of Washington law.

42. At all times material, Defendants were acting in their official capacities under the color of law.

43. In order to state a claim for relief under 42 U.S.C. §1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. See *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

44. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

45. Both requisite elements exist here.

46. Defendants' acts, specifically preparing, filing, and recording a void Sheriff's Deed to Real Property, deprived Chen of his right to be

protected in his interest in the subject property, liberty, and pursuit of happiness, secured by the United States Constitution.

47. Defendants' acts were committed by entities and/or individuals who were acting under the color of state law.

48. As a direct and proximate result of Defendants' actions, Chen has been emotionally and financially damaged.

**WHEREFORE**, Chen prays for judgment against Defendants in a fair and reasonable sum in excess of $75,000.00 to be determined at trial together with costs expended herein and such further and other relief as the Court deems just and proper.

## COUNT TWO- VIOLATION OF DUE PROCESS – FOURTEENTH AMENDMENT

49. Chen hereby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

50. The due process clause of the fourteenth amendment prohibits the states from depriving "any person of life, liberty, or property, without due process of law."

51. Defendants' willful conduct deprived Chen of his liberty protected interest in the subject property.

52. As a direct result of Defendants' actions, there now is a cloud on the title to the subject property.

53. As a direct result of Defendants' actions, Chen lives in fear of losing his home and being evicted. Chen is currently under threat of unlawful detainer proceedings in King County, Washington.

54. As a direct and proximate result of Defendants' actions, Chen has been emotionally and financially damaged.

**WHEREFORE**, Chen prays for judgment against Defendants in a fair and reasonable sum in excess of $75,000.00 to be determined at trial together with costs expended herein and such further and other relief as the Court deems just and proper.

## COUNT THREE- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Chen hereby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

56. To prevail on a claim for the tort of outrage, (also known as the intentional infliction of emotional distress), a plaintiff must prove that (1) the defendant engaged in extreme and outrageous conduct, (2) the defendant intentionally or recklessly inflicted emotional distress on the

plaintiff, and (3) the conduct actually resulted in severe emotional distress to the plaintiff. *Kloepfel v. Bokor*, 149 Wash.2d 192, 195, 66 P.3d 630 (2003).

57. As a direct result of Defendants' actions, Chen has suffered severe emotional distress. These emotional conditions were not present prior to the issuance of the void Sheriff's Deed to Real Property.

**WHEREFORE**, Chen prays for judgment against Defendants in a fair and reasonable sum in excess of $75,000.00 to be determined at trial together with costs expended herein and such further and other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Chen hereby demands a trial by jury on all triable issues.

Dated: November __03__, 2021.

Respectfully submitted,

_/s/ Huy-Ying Chen_

Huy-Ying Chen
Pro Se Plaintiff
5112 189th Avenue NE
Sammamish, WA 98074
Email: hy@nobo.us