UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUY-YING CHEN,

    Plaintiff,

 v.

KING COUNTY SHERIFF'S OFFICE, et al.,

    Defendant.

Case No. C21-1492-LK

REPORT AND RECOMMENDATION

I.  INTRODUCTION & BACKGROUND

In November 2021, *pro se* Plaintiff Huy-Ying Chen filed the present 42 U.S.C. § 1983 lawsuit against Defendants King County Sheriff's Office and Hugo Esparza, alleging they violated his Fourteenth Amendment rights when preparing, filing, and recording a void sheriff's deed, thereby resulting in Plaintiff's home being wrongfully sold at foreclosure. *See* Dkt. 1. Plaintiff's lawsuit also brings a claim for intentional infliction of emotional distress, seeks damages in excess of $75,000, and demands a jury trial. *Id.*

Subsequently, on April 14, 2022, Plaintiff filed a voluntary petition for bankruptcy under Chapter 13 of Title 11 in the United States Bankruptcy Court for the Western District of Washington ("Bankruptcy Court"). *In re Chen*, Ch. 13 Case No. 22-10615-CMA (W.D. Wash.

REPORT AND RECOMMENDATION - 1

1  2022), Dkt. 1.  Thereafter, on April 28, 2022, he filed a notice of removal in Bankruptcy Court,
2  seeking to remove the present action under 28 U.S.C. § 1452 on the ground that it contains "core
3  and non-core" bankruptcy matters.  *Chen v. King County Sheriff's Office et al.*, Adv. No. 22-
4  01019-CMA (W.D. Wash. 2022) ("Bankruptcy Case"), Dkt. 1 ¶ 11.  Plaintiff designated the
5  Bankruptcy Case as related to his Chapter 13 petition.  *See id.* at 1.

6   On June 2, 2022, Judge Alston issued an Order to Show Cause why the Bankruptcy Case
7  should not be dismissed and remanded to this Court for Plaintiff's failure to properly seek its
8  referral to bankruptcy by moving this Court for an order to enforce referral, in accordance with
9  Local Rule of Bankruptcy Procedure 9027-1(e).  *See* Bankruptcy Case, Dkt. 7.  Following Judge
10 Alston's Order, Plaintiff filed the present Motion to Enforce Removal to Bankruptcy Court.  Dkt.
11 15.  The next day, he filed a response to Judge Alston's Order to Show Cause, noting the filing
12 of his Motion in this Court.  Bankruptcy Case, Dkt. 9.

13  On June 23, 2022, Judge Alston held a show cause hearing, at which Plaintiff appeared.
14 At the hearing, Judge Alston noted that the present lawsuit was seemingly unrelated to
15 bankruptcy and would be more appropriately heard by this Court.  *See* Bankruptcy Case, Dkt. 13.
16 Judge Alston then remanded the Bankruptcy Case and dismissed the same without prejudice for
17 Plaintiff's failure to comply with the Local Rules of Bankruptcy Procedure when removing the
18 matter to bankruptcy.  *Id.* at Dkt. 10.

19  Currently before the Court is Plaintiff's Motion to Enforce Removal to Bankruptcy
20 Court, Dkt. 15.  Because the Court finds that the referral of Plaintiff's claims to Bankruptcy
21 Court would not be in the interest of judicial economy, the Court recommends denying the
22 Motion.
23  / / /

II. DISCUSSION

Under Local Rule of Bankruptcy Procedure 9027-1(e), removal of a case that is pending in this district "shall be by filing a motion in the district court case requesting the district court to enforce the referral of the case to this bankruptcy court pursuant to Local Rules W.D. Wash. LCR 87." The district court has "sole discretion" when deciding whether to enforce removal. *Id.*

Local Civil Rule 87 provides that, pursuant to 28 U.S.C. § 157(a), "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11[,]" are referred to the bankruptcy judges of this district. Under 28 U.S.C. § 157(b)(1), bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11," and may "enter appropriate orders and judgments" in such cases; however, if a proceeding is not a core proceeding, but otherwise is related to a case under Title 11, then the bankruptcy judge must submit "proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). *See also* LCR 87 ("If a bankruptcy judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this local rule and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court.").

"[C]ore proceedings are those that arise in a bankruptcy case or under Title 11[,]" *Stern v. Marshall*, 564 U.S. 462, 476 (2011), and include, but are not limited to, sixteen different types of

1  statutorily enumerated matters, such as "matters concerning the administration of the estate[,]"
2  "allowance or disallowance of claims against the estate . . . [,]" "counterclaims by the estate . . .
3  [,]" "orders in respect to obtaining credit[,]" and "confirmation of plans[.]"  28 U.S.C.
4  § 157(b)(2)(A).  When determining whether an action falling outside this enumerated list
5  qualifies as a core proceeding, "the question is whether the action at issue stems from the
6  bankruptcy itself or would necessarily be resolved in the claims allowance process."  *Stern*, 564
7  U.S. at 476.
8         District courts, when deciding whether to refer non-core proceedings to bankruptcy,
9  consider whether such a referral would be in the interest of judicial economy.  *See Guy v.*
10 *Franklin Am. Mortgage Co.*, 1:11-MD-00138, 2013 WL 6628550, at *2 (S.D.W. Va. Dec. 10,
11 2013); *Boyd v. GMAC Mortgage LLC*, C11-5018 PSG, 2012 WL 1424992, at *2 (N.D. Cal. Apr.
12 24, 2012).
13        In this case, the Court is not persuaded that a referral of Plaintiff's claims would be in the
14 interest of judicial economy.  Plaintiff's § 1983 claim alleging a violation of his Fourteenth
15 Amendment rights arises under federal statutory and constitutional law, whereas his claim for
16 intentional infliction of emotional distress arises under state common law.  These claims fall
17 outside 28 U.S.C. § 157(b)(2)(A)'s enumerated list of core proceedings, do not stem from
18 Plaintiff's bankruptcy, and would not necessarily be resolved in the claims allowance process.
19 Thus, the Bankruptcy Court lacks authority to enter a decision on the merits of Plaintiff's claims
20 and would need to submit its proposed findings of fact and conclusions of law to the district
21 court for review.  28 U.S.C. § 157(c)(1).  As a result, a referral of this case to the Bankruptcy
22 Court would result in a duplication of judicial resources.
23

REPORT AND RECOMMENDATION - 4

Moreover, Plaintiff has demanded a jury trial in this action, *see* Dkt. 1 at 14; Bankruptcy Case, Dkt. 1 at 6, and in order for the Bankruptcy Court to conduct a jury trial, all parties must consent. 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."). Defendants have not indicated whether they would consent to a jury trial in the Bankruptcy Court. But assuming they would not, if this matter were referred to bankruptcy, the parties would have to move to withdraw the referral in accordance with Local Rule of Bankruptcy Procedure 5011-1 in order for the action to ultimately proceed to trial. *See* LBR 9015-1(c)(2) ("In any proceeding in which a demand for a jury trial is filed, the bankruptcy judge shall determine whether the party has a right to a jury trial and whether the demand was properly filed. If so, the bankruptcy judge shall preside at the jury trial if all parties consent. If there is no consent, the bankruptcy judge may designate a party to file a motion in accordance with Local Bankruptcy Rule 5011-1 for withdrawal of reference.").

For these reasons, the Court finds that a referral of this case to the Bankruptcy Court does not promote judicial economy or otherwise assist with the efficient resolution of Plaintiff's claims. Accordingly, Plaintiff's Motion to Enforce Removal to Bankruptcy Court, Dkt. 15, should be denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Enforce Removal to Bankruptcy Court, Dkt. 15, should be DENIED.

/ / /

/ / /

REPORT AND RECOMMENDATION - 5

IV.     OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 29, 2022**.

Dated this 14th day of July, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6