1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

HUY-YING CHEN,

CASE NO. C21-1492-LK

12

Plaintiff,

ORDER ADOPTING REPORT AND
RECOMMENDATION

v.

13

KING COUNTY SHERIFF'S OFFICE et
al.,

14

15

Defendants.

16

17

     This matter comes before the Court on the Report and Recommendation of United States

18

Magistrate Judge S. Kate Vaughan. Dkt. No. 18. Judge Vaughan recommends that the Court deny

Mr. Chen's motion to enforce removal to Bankruptcy Court, Dkt. 15. *See* Dkt. No. 18 at 5.

19

     Huy-Ying Chen, who is proceeding pro se, filed this action under 42 U.S.C. § 1983 against

20

the King County Sheriff's Office and Hugo Esparza, alleging that they violated his Fourteenth

21

Amendment rights when preparing, filing, and recording a void sheriff's deed, resulting in the

22

foreclosure sale of his home. *See* Dkt. 1. Subsequently, in April 2022, Mr. Chen filed a voluntary

23

petition for bankruptcy under Chapter 13 of Title 11 in the United States Bankruptcy Court for the

24

Western District of Washington ("Bankruptcy Court"), *see In re Chen*, No. 22-10615-CMA (W.D. Wash 2022), Dkt. No. 1, and a notice of removal in Bankruptcy Court, seeking to remove this case under 28 U.S.C. § 1452 on the ground that it contains "core and non-core" bankruptcy matters, *see Chen v. King Cnty. Sheriff's Off.*, No. 22-01019-CMA (W.D. Wash. 2022) ("Bankruptcy Case"), Dkt. No. 1 at 3. Following a show cause hearing, the Bankruptcy Court remanded the Bankruptcy Case to this Court and dismissed it without prejudice based on Mr. Chen's failure to comply with Local Rule of Bankruptcy Procedure 9027-1(e). Dkt. No. 10 at 2.

Judge Vaughan recommends that the Court deny Mr. Chen's motion to enforce removal to Bankruptcy Court because "a referral of this case to the Bankruptcy Court does not promote judicial economy or otherwise assist with the efficient resolution of Plaintiff's claims." Dkt. No. 18 at 5. Judge Vaughan notes that Mr. Chen's § 1983 and state law claims

> fall outside 28 U.S.C. § 157(b)(2)(A)'s enumerated list of core proceedings, do not stem from Plaintiff's bankruptcy, and would not necessarily be resolved in the claims allowance process. Thus, the Bankruptcy Court lacks authority to enter a decision on the merits of Plaintiff's claims and would need to submit its proposed findings of fact and conclusions of law to the district court for review. 28 U.S.C. § 157(c)(1). As a result, a referral of this case to the Bankruptcy Court would result in a duplication of judicial resources.

*Id.* at 4.

Judge Vaughan signed and issued the Report and Recommendation on July 14, 2022. *Id.* at 6. She informed the parties that any objections to the Report and Recommendation had to be filed "within fourteen (14) days of the date on which this Report and Recommendation is signed" and that "[f]ailure to file objections within the specified time may affect your right to appeal." *Id.* No party filed objections. The Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). No objections having been filed, the Court hereby orders as follows:

(1) Judge Vaughan's Report and Recommendation is ADOPTED. Dkt. No. 18.

1       (2) Mr. Chen's motion to enforce removal to Bankruptcy Court is DENIED. Dkt. No. 15.

2       The Clerk is directed to send uncertified copies of this Order to Mr. Chen at his last known

3 address.

4       Dated this 11th day of October, 2022.

5

6                          Lauren King
                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 3