UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUY-YING CHEN,<br><br>                    Plaintiff,<br>        v.<br><br>KING COUNTY SHERIFF'S OFFICE et al.,<br><br>                    Defendants. | CASE NO. 2:21-cv-01492-LK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS |

This matter comes before the Court on Plaintiff Huy-Ying Chen's motion to appeal in forma pauperis ("IFP"). Dkt. No. 34. On December 27, 2022, this Court granted Defendants' motion for summary judgment, denied Mr. Chen's motion for summary judgment, and dismissed this action. Dkt. No. 31. Mr. Chen has appealed that dismissal. Dkt. No. 33.

Under Federal Rule of Appellate Procedure 24(a)(1), a party who, like Mr. Chen, has not previously been granted IFP status "must file a motion in the district court" to appeal IFP.[1] The

---

[1] If the district court denies IFP status on appeal, the party may subsequently file a motion to proceed IFP in the court of appeals. Fed. R. App. P. 24(a)(5).

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS - 1

motion must include a financial affidavit, Fed. R. App. P. 24(a)(1)(A), which Mr. Chen has filed. Dkt. No. 34 at 1–6; *see also* 28 U.S.C. § 1915(a)(1) (permitting litigants to proceed IFP based on a proper affidavit of indigency). But financial means is not the only consideration. If the Court finds the appeal frivolous, it may deny leave to proceed IFP. *See, e.g.*, *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) ("If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole."); *Lacy-Curry v. Alameda Cnty. Soc. Servs.*, No. C05-00453-SBA, 2006 WL 8443389, at *2 (N.D. Cal. Jan. 23, 2006) (denying IFP status on appeal where "on the record before it, the Court [was] unable to conclude that there [was] a non-frivolous basis for Plaintiff's appeal.").

Mr. Chen's appeal of the dismissal is frivolous. The Court held that Defendants were entitled to summary judgment because Mr. Chen's claims are barred by issue preclusion, quasi-judicial immunity, and his failure to state an outrage claim. Dkt. No. 31 at 10. The Court denied Mr. Chen's cross-motion for summary judgment because he filed it six weeks after the dispositive motion deadline in violation of the Court's scheduling order, this district's Local Rules, the Court's prior warning that it would not tolerate further violations of the applicable rules, and his obligations as a litigant. *Id.* at 20–21. The Court also denied Mr. Chen's motion on the merits because it reiterated the same unpersuasive arguments he made in his response to Defendants' motion and failed to show that he was entitled to summary judgment. *Id.* at 21. Mr. Chen appeals on the grounds that the Court erred in granting Defendants' motion and denying his. Dkt. No. 33 at 2. To date, Mr. Chen has not demonstrated that his claims are anything but frivolous.

//

//

//

//

1    Accordingly, Mr. Chen's motion for leave to appeal in forma pauperis is DENIED. Dkt.
2 No. 34. The Clerk is directed to notify the Ninth Circuit Court of Appeals that the Court has denied
3 this motion. *See* Fed. R. App. P. 24(a)(4)(A).

4    Dated this 26th day of January, 2023.

*Lauren King*

Lauren King
United States District Judge